# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** ) | |
| ) | **Bankruptcy Case** |
| **DONALD KENTON KESTER and** ) | **02-24689** |
| **CHARLOTTE Y. KESTER,** ) | |
| ) | |
| Debtors. ) | |
| _____) | |
| | |
| **DONALD KENTON KESTER,** ) | |
| ) | |
| Appellant, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2053-CM** |
| ) | |
| **KMDI, Inc., et al.,** ) | |
| ) | |
| Appellees. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Appellant, *pro se* debtor in a bankruptcy proceeding, seeks interlocutory review of a bankruptcy decision denying his request for a jury trial. Appellant filed a notice of appeal and a Motion Requesting Leave to Appeal Defendant's Denial of Trial by Jury.

The court has discretion under 28 U.S.C. § 158(a)(3) whether to grant leave to appeal an interlocutory order of the bankruptcy court. The Tenth Circuit Bankruptcy Appellate Panel has held that "[l]eave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances." *In re Midgard Corp.,* 204 B.R. 764, 769 (10th Cir. BAP 1997). To determine whether to allow an interlocutory appeal of a bankruptcy court order, the court generally applies

the standards set forth in 28 U.S.C. § 1292(b). *See In re Sunflower Racing, Inc.,* 218 B.R. 972, 977 (D. Kan. 1998). Accordingly, the court may certify an interlocutory appeal when (1) a controlling issue of law is involved; (2) termination of the litigation may be materially advanced by an immediate appeal; and (3) a substantial ground for difference of opinion exists regarding the legal question. *Id.*

In this case, the bankruptcy court denied appellant's request for a jury trial. The court finds that the court's decision did not involve a controlling issue of law. Two of the independent bases for the bankruptcy court's decision were appellant's noncompliance with procedural requirements – appellant failed to comply with a court-imposed deadline, as well as the deadlines for filing a demand for trial by jury imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure. The time limits for filing a demand for trial by jury are well-established. *See* Fed. R. Bankr. P. 9015(b); Fed. R. Civ. P. 38(b). Because the procedural rules relied on by the bankruptcy court are well-settled, the court concludes that an immediate appeal will not materially advance termination of the litigation and that no substantial ground for difference of opinion exists regarding the decision.

**IT IS THEREFORE ORDERED** that plaintiff's Motion Requesting Leave to Appeal Defendant's Denial of Trial by Jury is denied. This appeal is dismissed and the case is remanded to the bankruptcy court for further proceedings.

Dated this 10th day of January 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**